# United States District Court
### for the
# Eastern District of New York

TODD C. BANK, Individually and on
Behalf of All Others Similarly Situated,

*Plaintiff*,

-against-

J. D. W. & ASSOCIATES, LLC,
doing business as National Repair Solutions,
and THE PENN WARRANTY CORPORATION,

*Defendants*.

## CLASS-ACTION COMPLAINT

### INTRODUCTION

1. This action arises out of telephone calls, made by, on behalf of, or with the authorization of J. D. W. & Associates, LLC, doing business as National Repair Solutions, and The Penn Warranty Corporation. The telephone calls used an artificial or prerecorded voice that delivered a message to advertise the commercial availability or quality of extended automobile-warranty policies (the "Robocalls").

2. The legal claims arise under a federal statute and a New York statute: the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA"), and New York General Business Law ("GBL") Section 399-p.

3. Plaintiff brings this action individually and as a class action on behalf of all persons to whose residential or cellular telephone number one or more Robocalls was placed (the "Federal Class") during the period beginning four years prior to the commencement of this action until the date of said commencement (the "Federal Class Period").

4. Plaintiff also brings this action individually and as a class action on behalf of all

persons who received a Robocall on a New York telephone number, *i.e.* a telephone number having an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929 (the "New York Class"), during the period beginning three years prior to the commencement of this action until the date of said commencement (the "New York Class Period").

5. Plaintiff seeks, individually and on behalf of the other Federal Class Members and New York Class Members, statutory damages, injunctive relief, legal fees, and costs.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's federal-law claims under 28 U.S.C. Section 1331, and has jurisdiction over Plaintiff's state-law claims under 28 U.S.C. Sections 1332(d)(2)(A) and 1367(a).

7. The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

8. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b)(2).

## PARTIES

9. Plaintiff, Todd C. Bank ("Bank"), and was and is, at all relevant times herein, a

10. Defendant J. D. W. & Associates, LLC, doing business as National Repair Solutions ("NRS"), is a limited-liability company organized and existing under the laws of Missouri, and has a principal place of business at 40 Gailwood Drive, Saint Peters, Missouri 63376.

11. Defendant The Penn Warranty Corporation ("Penn Warranty") is a corporation organized and existing under the laws of Pennsylvania, and has a principal place of business at 1081 Hanover Street, Wilkes-Barre, Pennsylvania 18706.

## APPLICABLE LAW

A.     **Regulation of Certain Calls to Residential and Cellular Telephone Numbers**

   (i)     **Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA")**

   12.    With respect to residential telephone lines, the TCPA states that it is "unlawful . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(B).

   13.    With respect to telephone numbers assigned to a cellular telephone service, the TCPA makes it "unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

   14.    Recipients of calls that are made in violation of 47 U.S.C. Section 227(b)(1) may bring an action to recover, for each violation, the greater of the monetary loss caused by the violation or $500. *See* 47 U.S.C. Section 227(b)(3). If the court finds that a defendant willfully or knowingly violated Section 227(b), the court may increase the award by up to $1,000 per violation. *See id.*

   (ii)    **Liability of Entities That Do Not Directly Place Illegal Calls**

   15.    As explained by the Federal Communications Commission ("FCC"), the TCPA and its regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Mem. and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995); *see also Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Request of State Farm Mutual Automobile Insurance Company for Clarification and Declaratory Ruling, Declaratory Ruling, 20 FCC Rcd. 13664, 13667, ¶ 7 (2005) ("a company on whose behalf a

telephone solicitation is made bears the responsibility for any violation of our telemarketing rules, and calls placed by a third party on behalf of that company are treated as if the company itself placed the call."); *In re Joint Pet. Filed by Dish Network*, 28 FCC Rcd. 6574 (2013) (with respect to violations of Section 227(b), a seller can be vicariously liable for unlawful calls placed by third parties). *Accord*, *Savanna Group., Inc. v. Trynex, Inc.*, No. 10 -cv-7995, 2013 WL 4734004, at *5 (N.D. Ill. Sept. 3, 2013); *Mey v. Monitronics Int'l, Inc.*, 5:11-cv-90, 2013 WL 4105430, at *4-*5 (N.D. W. Va. Aug. 14, 2013); *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084-1085 (C.D. Cal. 2012).

**B.     New York General Business Law Section 399-p**

16.     New York General Business Law Section 399-p(3)(a) states that, "[w]henever telephone calls are placed through the use of an automatic dialing-announcing device, such device shall do all of the following: state at the beginning of the call the nature of the call and the name of the person or on whose behalf the message is being transmitted and at the end of such message the address, and telephone number of the person on whose behalf the message is transmitted, provided such disclosures are not otherwise prohibited or restricted by any federal, state or local law is based on the fact that the robocalls did not to comply with that provision's identification requirements." GBL § 399-p(3)(a).

17.     Persons whose rights under Section 399-p are violated are entitled, pursuant to New York General Business Law Section 399-p(9), to the greater of actual damages or $50 per violation, injunctive relief, and reasonable legal fees; and, in the event that a violation was committed willfully or knowingly, three times their actual damages, in a total amount of up to $1,000.

## FACTS

18. On or about January 13, 2015, Bank received, on his residential telephone number, a telephone call from NRS, in which the caller, a live person, promoted a warranty, to be provided by Penn Warranty, for a vehicle of a particular year, make, and model that the caller stated that Bank owned (the "Live Call").

19. The only occasion on which Bank had provided the year, make, and model of the vehicle to which the preceding paragraph refers had been in response to a telephone call, also to Bank's residential telephone number and made within the four-year period prior to the commencement of this action, in which, upon answering such call, an artificial and/or prerecorded voice requested the information that Bank provided ("Bank's Robocall").

20. At no time has Bank owned, leased, or otherwise had any interest in the vehicle to which the preceding two paragraphs refer.

21. Bank's Robocall was the basis for the Live Call, and was therefore made either by, or on behalf of NRS and Penn Warranty.

22. Bank's Robocall was made by, or on behalf of, or with the authorization of, NRS and Penn Warranty.

23. Bank's Robocall was made with automatic equipment that incorporates a storage capability of telephone numbers to be called and is used, working alone or in conjunction with other equipment, to randomly, or sequentially, disseminate a prerecorded message to the telephone number called without the use of an operator.

24. Bank's Robocall did not state, at the beginning of the call, the name of the person or on whose behalf the message was being transmitted.

25. Bank's Robocall did not state, at the end of such message, the address and telephone number of the person on whose behalf the message was transmitted.

5

26. Bank's Robocall was among of thousands of telephone calls (the "Additional Robocalls") that were materially or literally identical to Bank's Robocall both in method and in substance.

27. Bank's Robocall and the Additional Robocalls were made without the recipients' prior express invitation or permission

## FIRST CAUSE OF ACTION

28. Plaintiff repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "27" inclusive of this Complaint as if fully set forth herein.

29. The placement of the Robocalls to Bank and the other Members of the Federal Class, as set forth herein, violated 47 U.S.C. Section 227(b)(1).

30. Bank and Members of the Federal Class are entitled to statutory damages of $500 per violation pursuant to 47 U.S.C. Sections 227(b)(3)(B).

31. In the event that NRS and Penn Warranty willfully or knowingly violated 47 U.S.C. Section 227(b)(1), Bank and the other members of the Federal Class are entitled to up an additional $1,000 per violation pursuant to 47 U.S.C. Sections 227(b)(3)(C).

32. Bank and the other Members of the Federal Class are entitled to an Order, pursuant to 47 U.S.C. Section 227(b)(3)(A), enjoining NRS and Penn Warranty from violating 47 U.S.C. Section 227(b)(1).

## SECOND CAUSE OF ACTION

33. Bank repeats and re-alleges, and incorporates herein, each and every allegation contained in paragraphs "1" through "27" inclusive of this Complaint as if fully set forth herein.

34. The placement of the Robocalls to Bank and the other Members of the New York Class, as set forth herein, violated New York General Business Law Section 399-p(3)(a).

35. Bank and the other Members of the New York Class are entitled to statutory damages

of $50 pursuant to New York General Business Law Section 399-p(9).

36. Bank and the other Members of the New York Class are entitled to an Order, pursuant to New York General Business Law Section 399-p(9), enjoining NRS and Penn Warranty from violating New York General Business Law Section 399-p(3)(a)

37. Bank and the other Members of the New York Class are entitled to reasonable legal fees pursuant to New York General Business Law Section 399-p(9)**.**

## CLASS ALLEGATIONS

38. Bank brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons to whose residential or cellular telephone number NRS and Penn Warranty, or third parties acting with the authorization of NRS and Penn Warranty, placed one or more Robocalls (the "Federal Class"), during the period beginning four years prior to the commencement of this action until the date of said commencement (the "Federal Class Period").

39. Bank also brings this action as a Class Action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of all persons who received a Robocall on a New York telephone number (*i.e.* a telephone number having an area code of 212, 315, 347, 516, 518, 585, 607, 632, 656, 716, 718, 845, 914, 917, or 929 (the "New York Class"), during the period beginning three years prior to the commencement of this action until the date on which this action is commenced (the "New York Class Period").

40. Bank believes that there are thousands of individuals whose claims are similar to Bank's claims, and, furthermore, that Bank's claims are typical of the claims of absent Class Members. Members of each Class have sustained damages arising out of NRS and Penn Warranty's wrongful conduct in the same manner in which Bank has sustained damages arising out of NRS and Penn Warranty's unlawful conduct.

41. Bank will fairly and adequately protect the interests of each Class. Bank has no interests that are antagonistic to, or in conflict with, the Members of the Classes. Indeed, Bank's interests are, for purposes of this litigation, coincident with the interests of the other Class Members.

42. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because each of the Classes are so numerous that joinder of all Members is impracticable, and because the damages suffered by most of the individual Members of the Classes are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Classes to adequately address the wrongs complained of herein. Bank knows of no impediments to the effective management of this action as a class action.

43. Common questions of law and fact predominate over questions that affect only individual Federal Class Members. Among those questions are:

    (i) whether NRS and Penn Warranty, or third parties acting with the authorization of NRS and Penn Warranty, placed telephone calls using an artificial or prerecorded voice that delivered a message to residential or cellular telephone lines;

    (ii) whether the telephone calls at issue violated Section 227(b)(1) of the TCPA;

    (iii) whether NRS and Penn Warranty willfully or knowingly violated Section 227(b)(1) of the TCPA;

    (iv) whether the Members of the Federal Class are entitled to damages as a result of NRS and Penn Warranty's violations of Section 227(b)(1) of the TCPA, and, if so, how much; and

    (v) whether the Members of the Federal Class are entitled to injunctive relief as a result of NRS and Penn Warranty's violations of Section 227(b)(1) of the TCPA.

44. Common questions of law and fact predominate over questions that affect only individual New York Class Members. Among those questions are:

(i) whether NRS and Penn Warranty, or third parties acting with the authorization of NRS and Penn Warranty, placed telephone calls with automatic equipment that incorporates a storage capability of telephone numbers to be called and is used, working alone or in conjunction with other equipment, to randomly, or sequentially, disseminate a prerecorded message to the telephone number called without the use of an operator;

(ii) whether NRS and Penn Warranty violated Section 399-p(3)(a) of the New York General Business Law;

(iii) whether the Members of the New York Class are entitled to damages as a result of NRS and Penn Warranty's violations of Section 399-p(3)(a) of the New York General Business Law;

(iv) whether the Members of the New York Class are entitled to injunctive relief as a result of NRS and Penn Warranty's violations of Section 399-p(3)(a) of the New York General Business Law; and

(v) whether the Members of the New York Class are entitled to reasonable legal fees as a result of NRS and Penn Warranty's violations of Section 399-p(3)(a) of the New York General Business Law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a) Pursuant to 47 U.S.C. Section 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. Section 227(b)(1) for Plaintiff and the other Members of the Federal Class;

(b) Pursuant to 47 U.S.C. Section 227(b)(3)(C), up to $1,000 of statutory damages for Plaintiff and the other Members of the Federal Class, in addition to the statutory damages prayed for in the aforementioned paragraph, if the Court finds that Defendants' violations were made knowingly or willfully;

(c) Pursuant to 47 U.S.C. Section 227(b)(3)(A), an order enjoining Defendants from violating 47 U.S.C. Section 227(b)(1);

(d) Pursuant to New York General Business Law Section 399-p(9), damages of $50 per

9

violation of New York General Business Law Section 399-p(3)(a) for Plaintiff and the other Members of the New York Class;

(e) Pursuant to New York General Business Law Section 399-p(9), an order enjoining Defendants from violating New York General Business Law Section 399-p(3)(a); and

(f) An award, to Plaintiff and the other Members of each Class, of the costs and disbursements of this action, and reasonable legal fees, and such other and further relief as this Court deems just and proper.

Dated: April 3, 2015

Respectfully submitted,

*s/ Todd C. Bank*
TODD C. BANK, ATTORNEY AT LAW, P.C.
Todd C. Bank (TB-6825)
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125

*Counsel to Plaintiff*